
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30274 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00023-SEH-1 |
| v. | |
| GENTRY CARL LABUFF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 8, 2011[**]
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Gentry Carl LaBuff ("LaBuff") appeals his conviction of one count of

robbery/aiding and abetting robbery, in violation of 18 U.S.C. §§ 1153 and 2111.

On appeal, LaBuff contends that there was insufficient evidence to prove that he is

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an "Indian person" under § 1153.  We review the sufficiency of the evidence de novo, *United States v. LeVeque*, 283 F.3d 1098, 1102 (9th Cir. 2002), and consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Section 1153, "[a] 'defendant's Indian status is an essential element . . . which the government must allege in the indictment and prove beyond a reasonable doubt.'"  *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009) (quoting *United States v. Bruce*, 394 F.3d 1215, 1229 (9th Cir. 2005)).  To meet its burden, the government must prove both that the defendant has a sufficient "degree of Indian blood" and has "tribal or federal government recognition as an Indian." *Id.* (quoting *Bruce*, 394 F.3d at 1223–24).  The first prong of the test requires "some" Indian blood.  *Bruce*, 394 F.3d at 1223.  Thus, "evidence of a parent, grandparent, or great-grandparent who is clearly identified as an Indian is generally sufficient to satisfy this prong."  *United States v. Ramirez*, 537 F.3d 1075, 1082 (9th Cir. 2008) (quoting *Bruce*, 394 F.3d at 1223).  Here, LaBuff does not contest that he has a sufficient degree of Indian blood.  Thus, we turn to whether the government established that LaBuff was recognized as an Indian.

2

In *Bruce*, we outlined four factors that govern the second prong; those four factors are, "in declining order of importance . . . 1) tribal enrollment; 2) government recognition formally and informally through receipt of assistance reserved only to Indians; 3) enjoyment of the benefits of tribal affiliation; and 4) social recognition as an Indian through residence on a reservation and participation in Indian social life."  *Cruz*, 554 F.3d at 846 (quoting *Bruce*, 394 F.3d at 1224).

At trial, the government presented the testimony of Helen Butterfly ("Butterfly"), a health records lab technician at the Blackfeet Community Hospital. Butterfly testified that on the basis of LaBuff's classification as an Indian descendant of a tribal member, he was eligible to receive healthcare services at the hospital, which is operated by the federal government and whose non-emergency services are limited to enrolled tribal members and other non-member Indians. Butterfly further testified that since May 1979, LaBuff received healthcare services from the Blackfeet Community Hospital.  Because the evidence showed that LaBuff repeatedly accessed healthcare services "reserved only to Indians," we conclude that the government sufficiently established the second *Bruce* factor.

Similarly, we conclude that because LaBuff frequently received healthcare services on the basis of his descendent status of an enrolled member, he enjoyed the "benefits" of his tribal affiliation, as required by *Bruce's* third factor.

3

In addition to establishing the second and third *Bruce* factors, the government also presented evidence that on multiple occasions, LaBuff was arrested, prosecuted, and convicted under the jurisdiction of the tribal courts. As we observed in *Bruce*, the assumption and exercise of tribal criminal jurisdiction is strong evidence of tribal recognition. 394 F.3d at 1227. At the time he was prosecuted, LaBuff did not challenge the authority of tribal authorities to arrest him or the exercise of tribal criminal jurisdiction. Therefore, viewing the evidence in the light most favorable to the government, we conclude that, contrary to LaBuff's contention, the evidence was sufficient for any rational fact-finder to have found, beyond a reasonable doubt, that he is an "Indian person."

AFFIRMED.